**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY SANTORO | Criminal Action No. 21-76 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on pro se Defendant Anthony Santoro's ("Santoro") Request for Early Termination of Supervised Release. (ECF No. 4.)[1] The United States of America (the "Government") opposed (ECF No. 6), and Santoro did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons set forth below, the Court denies Santoro's Motion for Early Termination of Supervised Release.

**I.   BACKGROUND**

In February 2013, Santoro pled guilty to one count of a ten-count indictment charging, among other counts, participating in the operation of an illegal gambling business in violation of 18 U.S.C. § 1955 ("Count Two"). As relevant here, Santoro was sentenced to eight months' imprisonment and three years of supervised release. He completed his term of imprisonment in

---

[1] This case was reassigned to the undersigned on January 25, 2021. (*See* ECF No. 1.) The Honorable Vanessa L. Bryant presided over the sentencing following Santoro's guilty plea.

July 2019.[2] Santoro now resides in Toms River, New Jersey, under the supervision of the Probation Office for the District of New Jersey. Santoro is more than two years into his three-year term of supervised release. (Def.'s Mot., ECF No. 4.) He does not specify his current employment. (*See id.*)

On July 12, 2021, Santoro submitted correspondence to the Court requesting that it "release [him] from the last year of supervision." (*Id.*) In his correspondence, Santoro notes that he has complied with the terms of his release and wishes to travel to spend time with his family, who live out of state. (*Id.*) The Government opposes Santoro's request for early termination, arguing that the nature of Santoro's offenses, criminal history, present circumstances, and the interests of justice weigh strongly against granting early termination of supervised release. (Gov't's Opp'n Br. 2-5.)

**II.    LEGAL STANDARD**

The Court may terminate a term of supervised release before its expiration under 18 U.S.C. § 3583(e). In relevant part, the statute reads as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

---

[2] Santoro was delayed in serving his federal sentence because, before his surrender date, Santoro was arrested in New York on state charges. (Gov't's Opp'n Br. 4, ECF No. 6.) He pled guilty to the state offense of Enterprise Corruption and was sentenced in April 2017 to an indeterminate sentence of four to eight years' imprisonment. (*Id.*) Santoro was conditionally released from state prison to serve out his federal sentence in November 2018. (*Id.*)

18 U.S.C. § 3583(e). The statute directs the Court to consider factors listed under 18 U.S.C. § 3553(a).[3] In deciding whether to terminate supervision early, the Court has broad discretion under § 3583(e). *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

After considering the § 3553(a) factors and present circumstances of a defendant, district courts may grant early termination only if satisfied that it is "warranted by the defendant's conduct and is in the interest of justice." *Id.* District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *Id.* Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id.* "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such termination." *Id.* (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)).

---

[3] The § 3553(a) sentencing factors are (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *see also United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).

Generally, because the imposition of an original sentence should be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), courts "expect that something will have changed in the interim that would justify an early end to a term of supervised release," though fulfilling this expectation is not required. *Melvin*, 978 F.3d at 53. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable . . . is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

### III. DISCUSSION

After careful review, the Court concludes that early termination of supervised release is not warranted.

*First*, the Court finds that the § 3553(a) factors weigh against granting early termination. Santoro's conduct during the sports bookmaking operation, though brief, was unacceptable. His role was to collect bets that were placed on the National Football League. When Santoro deemed necessary, he would make veiled threats and invoke his connections with organized crime families to collect payments from bettors. (Gov't's Opp'n Br. 1 (citing PSR ¶ 7).) Santoro also has prior felony convictions for possession with intent to distribute cocaine and related firearm charges. (PSR ¶ 32.) Notably, Santoro's supervised release for his prior conviction ended only three years before he committed the instant offense. (*Id.*) A holistic review of the § 3553(a) factors thus weighs against granting early termination.

*Second*, after considering the sentencing factors, § 3583(e) provides that the Court "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). In asking for early termination, Santoro points to his positive conduct over the past two years and lack of any incidents. (Def.'s Mot. 1.) Santoro reports that he is compliant with the terms of his supervision. From what the Court can glean, since his release, Santoro has housing and has avoided

4

illicit gambling operations. (*See id.*) In other words, he appears to be doing well since his release from custody. The Court commends Santoro for complying with the terms of his supervised release. That alone, however, falls short of warranting early termination. *See Stiso*, 2021 WL 1291648, at *3 (declining to terminate defendant's supervised release when defendant "provided no reason justifying early termination of supervised release other than compliance with the conditions of his supervision").

*Finally*, the interests of justice do not mandate early termination. Santoro's desire to spend time with family, although understandable, is insufficient to terminate his supervision. Santoro does not explain how his supervision creates a burden on seeing his family. For example, Santoro does not contend that he was denied leave to travel out of state by his Probation Officer. Without more, "the Court remains satisfied that upon [sentencing], the imposition of [Santoro]'s sentence was appropriate 'in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a).'" *Stiso*, 2021 WL 1291648, at *2 (quoting *United States v. Ferriero*, No. 13-0592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020)).

## IV. CONCLUSION

After careful consideration of Santoro's motion and the relevant statutes, the Court concludes that early termination is unwarranted. The Court thus declines to exercise its discretion to terminate the remainder of Santoro's supervised release early and denies Santoro's motion. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE